UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN FISCHLER, Individually and on behalf of all other persons similarly situated, | ECF Case |
| *Plaintiff*, | 18-cv-05318 (JBW)(SJB) |
| v. | |
| 30-02 ASSOCIATES LLC and LIGHTSTONE REAL ESTATE INCOME TRUST INC., | ANSWER TO CLASS ACTION COMPLAINT |
| *Defendants*. | |

Defendants 30-02 Associates LLC and Lightstone Real Estate Income Trust Inc. ("Defendants"), by their attorneys, Schlam Stone & Dolan LLP, answer the Class Action Complaint of Plaintiff, BRIAN FISCHLER, dated September 20, 2018 (the "Complaint"), as follows:

## INTRODUCTION

1. Defendants deny the allegations in paragraph 1, and respectfully refer the Court to the Complaint for a true and correct statement of Plaintiff's claims in this action.

2. Defendants deny the allegations in paragraph 2, and respectfully refer the Court to the Complaint for a true and correct statement of Plaintiff's claims in this action.

3. Defendants deny the allegations in paragraph 3, and respectfully refer the Court to the Complaint for a true and correct statement of Plaintiff's claims in this action.

## THE PARTIES

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint, except admit that Lightstone Real Estate Income Trust Inc. is organized under Maryland law.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Defendants state that the allegations in paragraph 7 of the Complaint state a conclusion of law to which no response is required. To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction over Plaintiff's claims under the Americans with Disability Act ("ADA").

8. Defendants state that the allegations in paragraph 8 of the Complaint state a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that to the extent Plaintiff's ADA claims remain pending, the Court likely has subject matter jurisdiction over Plaintiff's claims under the referenced New York State and New York City laws.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Defendants state that the allegations in paragraph 10 of the Complaint state a conclusion of law to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

## NATURE OF ACTION

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

## STATEMENT OF FACTS

15. Defendants deny the allegations in paragraph 15 of the Complaint, except admit that Defendant 30-02 Associates, LLC owns The Arc, located at 30-02 39th Avenue, Long Island City, New York, and that apartments at the Arc are offered for rent.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Defendant deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and respectfully refer the Court to Plaintiff's Complaint for a true statement of the relief Plaintiff seeks.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

## CLASS ACTION ALLEGATIONS

32. Defendants deny the allegations in paragraph 32, and respectfully refer the Court to Plaintiff's Complaint for a true statement of the relief Plaintiff seeks.

33. Defendants deny the allegations in paragraph 33, and respectfully refer the Court to Plaintiff's Complaint for a true statement of the relief Plaintiff seeks.

34. Defendants deny the allegations in paragraph 34, and respectfully refer the Court to Plaintiff's Complaint for a true statement of the relief Plaintiff seeks.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*)**

40. In response to paragraph 40 of the Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth in this paragraph.

41. Defendants state that the allegations in paragraph 41 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statute for a true statement of its contents.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants state that the allegations in paragraph 43 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statute for a true statement of its contents.

44. Defendants state that the allegations in paragraph 44 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statute for a true statement of its contents.

45. Defendants state that the allegations in paragraph 45 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statute for a true statement of its contents.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47, and respectfully refer the Court to Plaintiff's Complaint for a true statement of the relief Plaintiff seeks.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NYSHRL)

48. In response to paragraph 48 of the Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth in this paragraph.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants state that the allegations in paragraph 50 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statute for a true statement of its contents.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55, and respectfully refer the Court to Plaintiff's Complaint for a true statement of the relief Plaintiff seeks.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NYCHRL)

56. In response to paragraph 56 of the Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth in this paragraph.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants state that the allegations in paragraph 58 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statute for a true statement of its contents.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62, and respectfully refer the Court to Plaintiff's Complaint for a true statement of the relief Plaintiff seeks.

## FOURTH CAUSE OF ACTION
### (DECLARATORY RELIEF)

63. In response to paragraph 63 of the Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth in this paragraph.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

## PRAYER FOR RELIEF

The portion of Plaintiff's Complaint beginning on page 19 under "Prayer for Relief" and continuing through page 20 constitutes Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief or to any relief.

## **AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**WHEREFORE**, Defendants demand entry of judgment in their favor dismissing the Complaint with prejudice in its entirety and awarding them the costs and disbursements of the instant action, and awarding them such other and further relief as this Court deems appropriate.

Dated: New York, New York
November 15, 2018

**SCHLAM STONE & DOLAN LLP**

By:  s/ Elizabeth Wolstein
Solomon N. Klein
Elizabeth Wolstein
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile:  (212) 344-7677
E-Mail: ewolstein@schlamstone.com
E-Mail: sklein@schlamstone.com

*Attorney for Defendants 30-02 Associates LLC and Lightstone Real Estate Income Trust Inc.*

**TO:** **(By ECF Filing)**
Douglas B. Lipsky, Esq.
Christopher H. Lowe, Esq.
LIPSKY LOWE LLP
630 Third Avenue, Fifth Floor
New York, NY 10017-6705
Tel. No.: (212) 392-4772
doug@lipskylowe.com
chris@lipskylowe.com